NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CIRILDO OCHOA SUAREZ, | No.   18-73046 |
| Petitioner, | Agency No. A208-576-034 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2020**
Seattle, Washington

Before:  GRABER and W. FLETCHER, Circuit Judges, and KOBAYASHI,***
District Judge.

Petitioner Cirildo Ochoa Suarez ("Petitioner") is a native and citizen of

Mexico.  He seeks review of the Board of Immigration Appeals' ("BIA") final

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Leslie E. Kobayashi, United States District Judge for
the District of Hawaii, sitting by designation.

order dismissing his appeal from the immigration judge's ("IJ") denial of his request for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The BIA's determinations on questions of law and mixed questions of law and fact are reviewed de novo; factual findings are reviewed for substantial evidence. Conde Quevedo v. Barr, 947 F.3d 1238, 1241 (9th Cir. 2020). "Claims of due process violations in deportation proceedings are reviewed de novo." Ibarra-Flores v. Gonzales, 439 F.3d 614, 620 (9th Cir. 2006). We deny the petition.

1.      Petitioner argues that the BIA violated his right to due process by not remanding the case to the IJ because the IJ did not articulate the particular social group as "members of the community in Michoacan who are seen to have publicly opposed the Knights Templar and been threatened as the result thereof."

Even if the group described by Petitioner constitutes a cognizable "particular social group" for the purposes of asylum or withholding of removal, substantial evidence supports the IJ and BIA's finding that Petitioner was beaten for refusing to join the Knights Templar rather than for holding a political opinion or membership in a social group in opposition to the gang. See Davila v. Barr, 968 F.3d 1136, 1141 (9th Cir. 2020) (stating standard of review applicable to denials of asylum and withholding of removal). Accordingly, substantial evidence supports the BIA's finding that no nexus existed between the harm, or threats of harm, and

any protected ground, including membership in a particular social group. See

Henriquez-Rivas v. Holder, 707 F.3d 1081, 1092–93 (9th Cir. 2013) (en banc)

(stating that, in some cases, generalized opposition to gangs and gang recruitment

does not constitute a particular social group); see also Matter of M-E-V-G-, 26 I. &

N. Dec. 227, 250 (BIA 2014) (stating that a petitioner who "was subjected to one

of the many different criminal activities that the gang used to sustain its criminal

enterprise" in the form of recruitment, which he opposed, "did not demonstrate that

he was more likely to be persecuted by the gang on account of a protected ground

than was any other member of the society"). Therefore, Petitioner's due process

claim fails because he failed to demonstrate that the outcome would have been

different had the IJ delineated the particular social group as alleged.

For the same reasons, the BIA's finding that he was beaten for refusing to

join the gang rather than for a protected ground is supported by substantial

evidence. Petitioner's argument that the BIA's finding to that effect was not

supported by substantial evidence is rejected.

2.      Next, Petitioner argues that the BIA violated due process when it

applied the incorrect standard of proof to his claim for withholding of removal.

Because the no-nexus finding is supported by substantial evidence, any error is

harmless, as the outcome is not affected. See Gomez-Velazco v. Sessions, 879

F.3d 989, 993 (9th Cir. 2018) ("As a general rule, an individual may obtain relief

3

for a due process violation only if he shows that the violation caused him prejudice, meaning the violation potentially affected the outcome of the immigration proceeding.").  Accordingly, the portions of the petition related to asylum and withholding of removal are denied.

3.      Finally, Petitioner argues that the BIA erred in denying his CAT claim because he faces torture by the Knights Templar if returned to Mexico and the Mexican government is unable to stop that torture.  The BIA found that Petitioner did not establish past torture and found no clear error in the IJ's finding that Petitioner did not establish acquiescence of a public official.  In light of Petitioner's acknowledgement that the leaders of the Knights Templar have been arrested and prosecuted by authorities in Mexico, citations to reports of generalized violence and low prosecution rates do not compel a contrary conclusion.  Because we hold that substantial evidence supports the BIA's determination that Petitioner is not eligible for CAT relief, we deny that portion of his petition as well.  See Davila, 968 F.3d at 1141 (stating standard applicable to review of the BIA's CAT determinations).

**PETITION DENIED.**